People v Fennell (2018 NY Slip Op 08438)





People v Fennell


2018 NY Slip Op 08438


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Oing, Moulton, JJ.


7844 1073/13

[*1]The People of the State of New York, Respondent,
v
Damique Fennell, Defendant-Appellant.


Stanley Neustadter, Cardozo Criminal Appeals Clinic, New York (Agatha Cole of counsel), for appellant.
Damique Fennell, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered September 9, 2014, as amended October 28 and November 24, 2014, convicting defendant, after a jury trial, of burglary in the first degree as a sexually motivated felony (two counts), burglary in the first degree (two counts), robbery in the first and second degrees as sexually motivated felonies, and robbery in the first and second degrees, and sentencing him to an aggregate term of 25 years, unanimously affirmed.
The jury's verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The victim's testimony was extensively corroborated by circumstantial evidence.
Defendant did not preserve his claim that the court should have permitted him to recall the victim for further cross-examination based on matters raised in the testimony of a defense witness, and we decline to review it in the interest of justice. Defendant only requested to conduct a further cross-examination based on grand jury minutes, a ground he abandons on appeal. As an alternative holding, we find that there was no basis for recalling the victim, because defendant had a full opportunity to cross-examine her about all relevant matters. Defendant's constitutional claim is likewise unpreserved, and without merit in any event.
Defendant did not preserve any of his arguments regarding events that transpired during jury deliberations, or any of his pro se claims, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK